UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY BEST, Jr. ) | |
|     Plaintiff, ) | |
| v. ) | Cause No: 1:16-CV-2549 |
| STATE OF INDIANA, ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| DUSHAN ZATECKY, Superintendent Pendleton) | |
| Correctional Facility, in his individual capacity ) | |
| John Safford, in his individual capacity ) | |
| Caseworker King, in his individual capacity ) | |
| John Hurt, in his individual capacity ) | |
| Officer Peterson in his individual capacity ) | |
| Officer Duncan in his individual capacity ) | |
| CORIZON HEALTH, INC., ) | |
| PAUL TALBOT, MD. DEFENDANTS ) | |

**COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff is an inmate of the Indiana Department of Corrections who was removed from segregated housing due to threats on his life from a prison gang and placed with the general population where he was severely beaten a month later by inmates in the gang that had previously threatened his life. Defendants Zatecky, Safford, King, Hurt, Peterson and Duncan were aware of the threat to Plaintiff's safety by the prison gang but in disregard for his safety placed him in general population. Plaintiff was treated by Dr. Paul Talbot and Corizon Health, Inc. staff for multiple injuries from the inmate's assault, but the treatment was inadequate and delivered with intentional disregard for the health and well-being of Plaintiff and unnecessarily causing and prolonging Plaintiff's pain and suffering. Also, Defendant Corizon Health, Inc. delayed treatment and failed to provide by specialist and failed to follow advice of medical specialist. Plaintiff continues to suffer the effects of the beating.  Defendants have been aware of

the nature of Plaintiff's injuries and medical needs but have acted and continue to act with deliberate indifference to the need to provide medical care for Plaintiff's injuries including a concussion.

**JURISDICTION AND VENUE**

1. Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA) 42 U.S.C. 1997(e).

2. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §1983, 28 U.S.C. §1343(a) (3) and 28 U.S.C. §1331.

3. Venue is appropriate pursuant to 28 U.S.C. §1391, because events and omissions giving rise to Plaintiff's claims occurred within the Southern District of Indiana. Defendants, Indiana Department of Corrections and Corizon Health, Inc., have facilities and offices in this district.

4. Plaintiff brings this complaint for redress of grievances for the deprivations of his civil rights under color of law, for privileges and immunities secured to Plaintiff by the provisions of the Eighth, Ninth and Fourteenth Amendment of the United States Constitution.

**FACTUAL ALLEGATIONS**

1. Plaintiff is an inmate with the Indiana Department of Corrections, (IDOC), currently housed at the Miami Correctional Facility in Bunker Hill, Indiana. Plaintiff was housed at Pendleton Correctional Facility during the occurrence of many of the incidents giving rise to his complaint herein.

2. For over two years prior to July 5, 2015, Plaintiff was held in administrative segregation in Pendleton Correctional Facility (PCF) as a result of threats of violence from a prison

gang called the Brotherhood of the Aryan Nation (Aryan gang) for Plaintiff's refusal to join the gang. Plaintiff had been beaten by members of the Aryan gang for his refusal to join their prison gang and was placed in segregated housing as a result of the threats to his life.

3. On or about July 6, 2015, Plaintiff was advised by Caseworker King that he would be returned to general population. Plaintiff advised Caseworker King that he feared for his life because the members of the group of inmates whom had previously beaten and threatened to kill him were still in the prison general population. Prison official Caseworker King and Unit Team Manager Safford knew or should have known that inmates are routinely moved from one housing unit to another and Plaintiff would not be safe from the Aryan gang's threats of death and violence leveled at Plaintiff. In spite of the fact that the threat to his life had not subsided, Plaintiff was placed in the general population with members of the gang whom were threatening his life.

4. King advised Unit Manager Safford of Plaintiff's concerns for his safety, but they moved him from the relatively safe environment of segregation to a hostile environment with known members of the Aryan gang.

5. Officers Duncan and Peterson were responsible for investigation of the continued threat to Plaintiff if he was returned to general population but failed to make any investigation and allowed Plaintiff to return to general population with reckless disregard for Plaintiff's safety.

6. Once back in the prison, general population guards/officers at PCF expressed surprise at Plaintiff's placement in the general population in light of the threats to his life by the Aryan gang.

7. Plaintiff was housed with murderers and other violent felons.

8. Plaintiff was attacked by members of the Aryan gang on August 7, 2015 while leaving the medline from a walkway in a location nicknamed "death alley" because the area was a known location where repeated assaults and acts of violence were perpetrated by inmates.

9. Though "death alley" was known by the prison officials and guards, including Superintendent Zatecky, as dangerous there was deliberate indifference to the safety of

inmates in general and Plaintiff particularly due to the threats to his life.

10. Officer John Hurt was the officer in charge at the time of the incident and failed to supervise the movement of inmates to the infirmary for their daily medication through an area known for inmate-on-inmate violence in disregard for the safety of Plaintiff.

11. The attack and injury to Plaintiff was foreseeable.

12. This prison provided large river rocks in front of most cell houses that could and were used and accessible as weapons for the violent inmates at PCF. Plaintiff was assaulted with rocks and other objects believed to originate from the river rocks provided by the IDOC.

13. One of the inmates who assaulted Plaintiff was a known member of the Aryan gang but PCF administration and staff failed to take the necessary steps to secure the prison to provide for the safety of Plaintiff in light of the presence of inmates from the gang who had previously threatened his life.

14. The IDOC failed to provide adequate supervision of the inmates. Superintendent Zatecky knew the prison was "extremely short on staff", admitting the same only months before the attack on Plaintiff thus allowing gang violence within the prison walls and cultivating an environment conducive to inmate-on-inmate violence.

15. On the date of Plaintiff's attack, the prison was badly understaffed. Staff failed to monitor inmate movement from place to place and was unavailable to deter or prevent Plaintiff's beating.

16. Defendants are agents and/or employees of the IDOC which is the state agency responsible for the care, custody, and control of all inmates within the State of Indiana and intentionally disregarded Plaintiff's safety.

17. Plaintiff was deprived of his Constitutional rights to serve his prison sentence without constantly fearing for his life and safety. As such, this is an action under 42 U.S.C. §1983 for acts under color of state law and for money damages to redress Defendants' violations of Plaintiff's rights guaranteed by the United States Constitution.

18. As a result of the beating, Plaintiff was bleeding profusely with head lacerations that were described as ragged and deep. He sought medical treatment of the cuts, bruises and lacerations to the head, back, shoulders, arms, right hand and wrist.

19. Dr. Talbot was employed by Corizon Health at PCF at the time of Plaintiff's medical treatment for this beating. Talbot proceeded to suture wounds and determined stapling the head wounds would be faster but he did so without administering an anesthetic in Plaintiff's head in blatant disregard to the pain that Plaintiff would endure.
20. Dr. Talbot returned Plaintiff back to his bunk with a severe head injury without anyone to observe his condition.
21. Plaintiff continued and continues to suffer dizziness, headache and concussion symptoms, but the Defendants have failed to adequately treat Plaintiff disregarding the dangerous condition posed by his concussion.
22. Defendants Paul Talbot, IDOC and Corizon delayed processing, referral and approval of diagnostic tests necessary for treatment of Plaintiff's and continue to pursue an ineffective course of treatment for his condition that continues to get worse.

### Count I

Comes now Plaintiff for complaint against Defendants, State of Indiana Department of Corrections (IDOC) Zatecky, Safford, King, Hurt, Peterson and Duncan and alleges and says:

1. Plaintiff, Larry Best, Sr., is a citizen of the United States and is currently an inmate of Miami Correctional Facility in Bunker Hill, Indiana.
2. Defendant, IDOC, is an Indiana governmental agency and is responsible for the administration, operation and supervision of PCF and Miami Correctional Facility. Said Defendant is responsible for the promulgation and enforcement of rules, regulations, policies, practices relevant to such institutions and conditions of confinement of citizens housed in Indiana prisons/correction facilities.
3. At all times pertinent to this action, Plaintiff was incarcerated at the PCF or Miami Correctional Facility, both operated by the IDOC.
4. Defendant Zatecky was the superintendent of PCF, a prison operated by the IDOC at all times relevant to Plaintiff's complaint.
5. Defendants Safford, King, Peterson and Duncan were employees of the IDOC working at PCF whom participated in the decisions and omissions related to the reclassification of Plaintiff and his housing from administrative segregation to general population resulting

    in the Plaintiff's injury.

6. Defendant Hurt was a supervisory officer/guard at PCF on the date of Plaintiff's injury.
7. Plaintiff has been within the custody and control of the Defendant, IDOC, and its employees at all times relevant to this cause of action.
8. Plaintiff had been identified by the IDOC and placed in administrative segregation due to threats on his life made by the prison gang known as the Brotherhood of the Aryan Nation (hereafter Aryan Nation gang) and a beating by gang members for refusal to join the gang.
9. In spite of the known threats to Plaintiff's life, Defendants IDOC, Safford, King, Peterson and Duncan participated in the reclassification of Plaintiff, moving him from administrative segregation to general population in deliberate disregard for the safety of Plaintiff.
10. Plaintiff informed Defendants that the threat to his life had not subsided but with deliberate indifference to his safety, Plaintiff was transferred from the safety of administrative segregation to general population on or around July 5, 2015.
11. Defendants provided no assessment or inadequate assessment of the continued threat of the Aryan Nation gang to Plaintiff's life.
12. On August 7, 2015, Plaintiff was assaulted by prison inmates affiliated with the Aryan Nation gang with rocks or brick and/or other unknown illegal objects.
13. Defendants failed to take steps necessary to secure the prison and provide for the safety of inmates housed in PCF, allowing gang violence and cultivating an environment conducive to inmate-on-inmate violence and even provided large rocks that could be used by inmates to assault and injure the violent offenders housed at PCF.
14. Plaintiff was deprived of his Constitutional right to serve his prison sentence without constantly fearing for his life and safety.
15. Defendants had knowledge of the danger to Plaintiff but took no action to protect him in a known hostile environment.
16. On the date of the assault, Defendant Hurt was a guard at or around the place of Plaintiff's assault but took no action to protect him.
17. Defendant Hurt was aware that inmates going to the infirmary for medication on a daily

    basis were required to enter through an area known for inmate-on-inmate violence, called "death alley".

18. Defendant Hurt and many other guards were aware Plaintiff had been housed in administrative segregation as a result of a beating at the hands of the Aryan Nation gang and subsequent death threats.

19. Defendant Hurt was responsible to monitor the inmates' walk to the infirmary during the call for medication but in reckless disregard for the safety of Plaintiff, failed to provide any monitoring of the area where Plaintiff was brutally assaulted.

20. Defendant Hurt acting under of the color of law violated Plaintiff's civil right under §1983 for his deliberate indifference to the Plaintiff's right to safety, who was under his control in violation of Plaintiff's Eighth Amendment rights.

21. That Defendants Safford, King, Peterson and Duncan acting under color of law violated Plaintiff's civil rights under §1983 by depriving Plaintiff his rights under the Eighth Amendment as they knew or should have known of the excessive risk to Plaintiff's safety and failed to protect him against an attack carried out by inmates affiliated with the prison gang, Aryan Nation.

22. Defendants' deliberate indifference to the Plaintiff's safety was the direct result of injuries suffered by Plaintiff at the hands of inmates from the Aryan Nation gang in a month after his entry into the general population.

    WHEREFORE, Plaintiff requests:

    a. A declaratory judgment determining that the challenged actions of the Defendants violate the Constitution of the United States as set out herein;

    b. Equitable relief in the form of damages for personal injury, pain and suffering, emotional distress and for future pain and suffering and punitive damages;

    c. Pursuant to Rule 38 (b), Plaintiff demands trial by jury.

    d. Pursuant to Rule 54(c), Plaintiff requests all other appropriate relief.

  /s/ Bessie M. Davis /s/
Law Office of Bessie Davis, LLC
Attorney for Plaintiff
26 East 15th Avenue
Gary, IN 46407
219 883-2082

Legal2615@yahoo.com

## Count II

Comes now Plaintiff for complaint against the Indiana Department of Corrections and Superintendent Zatecky for complaint alleges and says:

1. That he incorporates by reference the facts and allegations set forth herein in Count 1.
2. Defendants IDOC and Superintendent Zatecky contributed to the danger to Plaintiff by the deliberate and known overcrowded conditions in PCF, a maximum security prison.
3. Prior to the assault on Plaintiff, said Defendants knew that PCF was overcrowded and understaffed but with deliberate indifference continued to operate PCF resulting in unsafe conditions for all inmates in general and Plaintiff due to the increased likelihood of danger to the Plaintiff while housed in general population.
4. As a result of the overcrowding, the inmates were inadequately supervised by the prison guards resulting in an excessive risk to the safety of inmates in general and Plaintiff in particular upon his re-entry to housing with the general population that included members of the gang that had previously threatened his life.
5. Defendants' failure to provide adequate staffing was decided with deliberate indifference to the safety of inmates at PCF.
6. On the date of the assault, officers of PCF were understaffed and as a result failed to provide security for inmates going to the infirmary for medication on a daily basis, knowing that the walkway was known for inmate-on-inmate violence, called "death alley".
7. That Plaintiff was assaulted by an inmate on August 7, 2015 which assault could have been avoided if the Defendants had provided adequate staffing and monitoring of the medication line and if the overcrowding was properly addressed.
8. Defendant Zatecky's actions were under color of law violating the Plaintiff's civil rights under §1983 by depriving Plaintiff his rights under the Eighth Amendment

as he knew or should have known of the excessive risk to Plaintiff's safety and failed to protect Plaintiff.

9. Defendants were deliberately indifferent to the rights of the inmates under his control, turning a blind eye toward the obvious risk of assault and injury to Plaintiff and other inmates, particularly those required to go to the medical facility at PCF to secure medication in an area that was unsupervised and unsafe.

WHEREFORE, Plaintiff requests:

a. A declaratory judgement determining that the challenged actions of the Defendants violate the Constitution of the United States as set out herein;

b. Equitable relief in the form of compensatory damages for personal injury, pain and suffering, emotional distress and for future pain and suffering and punitive damages;

c. Pursuant to Rule 38 (b), Plaintiff demands trial by jury.

d. Pursuant to Rule 54(c), Plaintiff requests all other appropriate relief.

　/s/ Bessie M. Davis/s/
Law Office of Bessie Davis, LLC
Attorney for Plaintiff
26 East 15th Avenue
Gary, IN 46407
219 883-2082
Legal2615@yahoo.com


## Count III

Comes now Plaintiff for complaint against the Defendants Zatecky, Peterson, Duncan Safford and Hurt and for complaint alleges and says:

1. That he incorporates by reference the facts and allegations set forth herein in Count 1 and Count II herein.

2. Defendants' decision to re-assign Plaintiff to general population housing was outrageous in light of the prior beating of Plaintiff at the hands of members of the Aryan Nation gang along with death threats on account of Plaintiff's failure to join their gang.

3. Defendants were aware that the Aryan Nation gang had members at PCF and they knew Plaintiff faced a serious risk of harm and disregarded that knowledge.
4. Defendants were aware that Plaintiff was very concerned about being housed in general population and that there was a high probability that Plaintiff's placement in PCF general population would cause him severe emotional distress.
5. Defendants' disregard for the safety of Plaintiff caused him actual physical injury and severe emotional distress.

WHEREFORE, Plaintiff requests:
   a. Equitable relief in the form of compensatory damages for personal injury, pain and suffering, emotional distress and for future pain and suffering;
   b. Pursuant to Rule 38 (b), Plaintiff demands trial by jury.
   c. Pursuant to Rule 54(c), Plaintiff requests all other appropriate relief.

   /s/ Bessie M. Davis/s
Law Office of Bessie Davis, LLC
Attorney for Plaintiff
26 East 15th Avenue
Gary, IN 46407
219 883-2082
Legal2615@yahoo.com

### Count IV

Comes now Plaintiff for complaint against IDOC and Superintendent Zatecky, Corizon Health, Inc. and Dr. Paul Talbot and for complaint alleges and says:

1. That he incorporates by reference all of the allegations contained in Count I, Count II and Count III and the factual allegations set forth herein.
2. Defendant Corizon Health, Inc. is a corporation organized in the state of Delaware and doing business in Indiana and is responsible for the administration, operation and supervision of health care at PCF and Miami Correctional Facility within the State of Indiana and for the promulgation and enforcement of rules, regulations, policies and practices relevant to such institutions.

3. Defendant Paul Talbot, M.D. is sued individually and in his capacity as an employee of Defendant Corizon Health, Inc. for his deliberate indifference to the serious medical condition of Plaintiff and pain and suffering caused by his actual medical treatment and deliberate indifference to the medical needs of Plaintiff's required by his injuries on August 7, 2015 that resulted in the violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment.
4. Immediately following Plaintiff's assault, Dr. Talbot displayed deliberate indifference to the pain he caused Plaintiff by suturing and stapling wounds without administration of pain medication for the areas involved.
5. Dr. Talbot further provided inadequate medical care and was deliberately indifference to treatment required for Plaintiff who arrived at the infirmary with bleeding from multiple head lacerations, bruising from head, face, back, arms, and shoulders.
6. Dr. Talbot failed to monitor the Plaintiff's medical condition after the initial suture and staples for the wounds to his head in deliberate and reckless disregard for the Plaintiff in light of the dangerous condition due to the severe beating to Plaintiff's head.
7. Following Talbot's inadequate and painful treatment, he discharged Plaintiff immediately to his cell even though Plaintiff's injuries were serious and life threatening and was so blatantly inappropriate that it was intentional mistreatment likely to seriously aggravate Plaintiff's medical condition.
8. As a result of the inadequate monitoring of Plaintiff's condition post treatment, Plaintiff suffered a blow to his head when he blacked out in his cell, falling into a wall and upon the floor and further injuring his head.
9. After the initial treatment for Plaintiff's injuries Defendants, Corizon, Talbot and IDOC began an ongoing indifference to Plaintiff's serious medical condition by delaying adequate treatment and testing.
10. After the initial medical treatment, Plaintiff suffered severe headaches, dizziness, nausea and vomiting. In addition, Plaintiff experienced severe pain in his shoulder and arm and back.
11. Defendants delayed Plaintiff reasonable and necessary treatment and testing following his injury and such failure to treat was not based on a legitimate medical judgment.

12. As a result of his untreated medical condition, Plaintiff suffered and continues to suffer an excessive risk to his health.

13. Plaintiff continues with dizziness and headaches but Defendant Corizon Health, Inc. through its system of regional medical directors have refused to Plaintiff all the treatment and diagnostic tests required. Plaintiff's symptoms have worsened since the violent attack but Defendants have continued ineffective treatment.

14. Plaintiff has requested assistance from the IDOC but it is deliberately indifferent to Plaintiff's serious continuing medical condition.

15. As a result of these severe injuries, Plaintiff is in need of specialized medical treatment and care to monitor his symptoms and alleviate the discomfort he experiences due to the beating experience.

16. During his incarceration from the above date to this date, Plaintiff continued to report and indicate pain in his back, elbow and head, including headaches, neck pains, difficulty remembering, concentrating, almost daily; however, Plaintiff's needs for specialized treatment and care were ignored and continue to be ignored and/or refused by Defendant Corizon Health Inc., and its employees and the IDOC.

17. Plaintiff was denied treatment and/or medications that were prescribed for him. Defendant Corizon Health Inc., his agents and employees, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care thus endangering the Plaintiff's health and well-being.

18. Such acts and omissions of the Defendants violate rights secured to the Plaintiff under the Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

19. Defendants, Corizon, his agents and employees and Defendant Zatecky with knowledge of Plaintiff's medical needs has a duty under the Eighth, Ninth and Fourteenth Amendments to the United States Constitution to provide needed medical care to inmates of PCF and Miami Correctional Facility in conformity with the standards for delivery of such medical care in the State of Indiana as a whole.

20. Defendants' knowing of the medical needs of Plaintiff or with deliberate indifference to such needs, have failed to instruct, supervise and train their employees and agents in such

a manner as to assure the delivery of medical care to Plaintiff thus endangering the Plaintiff's health and well-being in violation of rights secured to Plaintiff and members of the Plaintiff's class by the Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

21. The Defendants Corizon Health and Dr. Talbot's actions and/or omissions were committed under color of law and with full knowledge of the IDOC and Defendant Zatecky and/or pursuant to policies, customs, practices, rules, regulations, and/or usages of the State of Indiana, the IDOC of this State and to limit the medical care to inmates. These duties cannot be delegated to a third party.

22. Defendants IDOC and its employees have further delegated their responsibility for the medical care of Plaintiff to Defendant Corizon Health, Inc. without proper oversight and with instructions, rules and regulations to promote the care of inmates in violation of their Eighth Amendment right to adequate medical care.

23. As a direct and proximate result of the above described actions and omissions of Defendants, Plaintiff has suffered general damages in amounts in excess of $75,000.00 exclusive of interest and costs, the exact amounts of which will be proven at trial.

24. The acts, conduct, and behavior of Defendants were performed knowingly, intentionally, and maliciously, by reason of which Plaintiff is also entitled to an award of punitive damages in the sum to be determined at trial in this matter.

WHEREFORE, Plaintiff prays for relief as follows:
a. That the Court determines and enters judgment declaring that the acts and omissions of the Defendant, as set forth above, violate rights secured to Plaintiff by the Eighth, Ninth and Fourteenth Amendments to the United States Constitution;
b. Enjoining the Defendant, his employees, agents, and successors in office from providing medical care and treatment to Plaintiff that is inconsistent with the standards of medical care and treatment in the State of Indiana as a whole;
c. Enjoining the Defendant, his employees, agents, and successors in office from refusing to provide and/or delaying provision of necessary medical treatment and care to Plaintiff either at suitable and adequate facilities within PCF and Miami Correctional Facility or elsewhere;
d. Enjoining the Defendant and his successors in office from failing to instruct, supervise and train his employees and agents in such a manner as to assure the delivery of medical

    treatment and care to Plaintiff which is consistent with the standards of medical care in the State of Indiana as a whole;
- e. Enjoining the Defendant, IDOC, from delegating its responsibility for providing adequate medical care to a third party;
- f. That the Court award general damages to Plaintiff against the Defendants Corizon and Dr. Talbot for violation of Plaintiff's Eighth Amendment right;
- g. That the Court award punitive damages to Plaintiff against said defendants;
- h. That the Defendants be required to pay the legal costs and expenses in this action including reasonable provision for Plaintiff's attorney's fees;
- i. For Equitable relief in the form of compensatory damages for personal injury, pain and suffering, emotional distress and for future pain and suffering against the Defendants;
- j. Pursuant to Rule 38 (b), Plaintiff demands trial by jury.
- k. Pursuant to Rule 54(c), Plaintiff requests all other appropriate relief.

  /s/ Bessie M. Davis   /s/
Law Office of Bessie Davis, LLC
Attorney for Plaintiff
26 East 15th Avenue
Gary, IN 46407
(219) 883-2082
legal2615@yahoo.com
H:\Allfiles\DATA\PERSINJ\Best, L\Complaint.wpd