UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LARRY BEST, JR.,                          )
                                          )
                    Plaintiff,            )
                                          )
          vs.                             )          No. 1:16-cv-02549-TWP-MJD
                                          )
CORIZON HEALTH, INC.,                     )
*et al.*                                  )
                    Defendants.           )

**ORDER ON MOTION FOR LEAVE TO EXCEED TEN DEPOSITION LIMIT**

This matter is before the Court on Plaintiff's *Motion for Leave to Exceed Ten Deposition Limit*. [Dkt. 84.] Plaintiff has taken the depositions of the seven named defendants in this matter and three additional fact witnesses. Plaintiff now seeks to take three additional depositions focusing on Defendants' failure to exhaust administrative remedies affirmative defense, at issue in Defendants' recently filed partial motion for summary judgment [Dkt. 78]. For the reasons set forth below, the Court **GRANTS** Plaintiff's request.[1]

Pursuant to Rule 30(a)(2), a party must obtain leave of court to conduct more than ten depositions in an action. The court must grant leave if permitting additional depositions would be consistent with Rule 26(b)(2). Under Rule 26(b)(2)(C), the court must limit the extent of discovery if it determines that one of the following applies:

> (i)     the discovery sought is unreasonably cumulative or duplicative, or can be
>         obtained from some other source that is more convenient, less
>         burdensome, or less expensive;

---

[1] Plaintiff's *Motion for Leave to File Late Reply in Support of Motion to Exceed 10 Deposition Limit* [Dkt. 87] is **GRANTED**.

(ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The court must consider the "totality of the circumstances" when determining whether any of these situations are applicable here. *Patterson v. Avery Dennison Corp.,* 218 F.3d 676, 681 (7th Cir. 2002). Plaintiff admittedly "did not fully explore exhaustion" during prior depositions because he did not believe Defendants were pursuing the exhaustion of administrative remedies as a defense. [Dkt. 85 at 4-5.] Defendants assert Plaintiff has had ample opportunity to conduct discovery on the defense, which was pleaded in their Answer [Dkt. 25] filed on December 16, 2016. Additional depositions at this late date are unnecessary, Defendants argue, and would burden the state's time and resources. [Dkt. 86 at 5-6.]

While it is true that Plaintiff could have explored the exhaustion issue earlier, it is also true that Defendants inexplicably waited eight months after filing their Answer to pursue an affirmative defense that typically is raised immediately. Instead, Defendants filed a Motion to Dismiss that does not address exhaustion [Dkt. 21]; submitted Initial Disclosures [Dkt. 85-1] and Preliminary Witness and Exhibit List [Dkt. 36] that do not address exhaustion or disclose the witnesses relied upon in their partial motion for summary judgment; and provided an inconclusive response ("discovery is continuing and State Defendants will supplement their answer as further information is discovered) to Plaintiff's interrogatory seeking facts and witnesses supporting each affirmative defense [Dkt. 85 at 8].

Defendants' argument that the declarations submitted in support of their partial motion for summary judgment provide adequate information for Plaintiff is equally unpersuasive. "Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle—they are entitled to test this assertion in

questioning witnesses during depositions." *Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc.*, 2015 WL 4393896, at *5 (E.D. Wis. July 16, 2015).

Defendants have not shown the requested depositions are unreasonably cumulative, could be obtained from a less burdensome source, or that Plaintiff had ample opportunity to obtain the discovery (particularly in light of the fact that two witnesses relied upon in Defendants' partial motion for summary judgment were not previously disclosed). Accordingly, Plaintiff's *Motion for Leave to Exceed Ten Deposition Limit* [Dkt. 84] is **GRANTED**. Plaintiff is hereby granted leave to conduct three additional depositions in this matter.

The parties are directed to cooperate to schedule and conduct the three depositions requested by Plaintiff on or before **October 6, 2017**.

The deadline for Plaintiff to respond to the State Defendants' Motion for Summary Judgment [Dkt. 78] is hereby enlarged to and including **October 20, 2017**.


Dated:  12 SEP 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKE  DILLON  CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Jennifer Elizabeth Lemmon
INDIANA ATTORNEY GENERAL
jennifer.lemmon@atg.in.gov

Kelly Suzanne Witte
INDIANA ATTORNEY GENERAL
kelly.witte@atg.in.gov

Bessie M Davis
LAW OFFICE OF BESSIE M. DAVIS, LLC
legal2615@yahoo.com