# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY BEST, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02549-TWP-MJD |
| | ) | |
| JOHN SAFFORD, JEFFERY KING, | ) | |
| BLAINE HURT, WALTER PETERSON, | ) | |
| HERBERT DUNCAN, CORIZON | ) | |
| HEALTH, INC., and PAUL A. TALBOT M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR LEAVE TO FILE LATE EXHIBIT AND MOTION TO STRIKE PLAINTIFF'S SURREPLY

This matter is before the Court on Plaintiff Larry Best, Jr.'s ("Best") Motion for Leave to File Late Exhibit in Opposition to Motion for Partial Summary Judgment (Filing No. 97), and the State Defendants' Motion to Strike Plaintiff's Surreply in Opposition to Motion for Partial Summary Judgment (Filing No. 99). The Court will address each motion in turn.

**A.     Best's Motion for Leave to File Late Exhibit**

Best explains that the State Defendants filed their Motion for Partial Summary Judgment on August 22, 2017 (Filing No. 78). Best filed his Memorandum in Opposition to State Defendants' Motion for Partial Summary Judgment ("Response Brief") on October 20, 2017 (Filing No. 94). Best further explains that his Response Brief included twenty references to his affidavit, which was supposed to be attached as an exhibit. "Due to error in submission of exhibits the same inadvertently was not included with the exhibits attached to his response." (Filing No. 97 at 1.)

Best argues that Federal Rule of Civil Procedure 56(e) allows the court to give a party an opportunity to properly support or address a material fact if the party initially fails to properly support an assertion of fact. Best also points out that Local Rule 56-1(l) states, "The court may, in the interest of justice or for good cause, excuse failure to comply strictly with this rule." Best argues that his affidavit that was inadvertently not filed with his originally-filed designated evidence supports the facts that he alleged in his Response Brief, and thus, the Court should allow him to belatedly file the affidavit to support his Response Brief.

The State Defendants did not file an opposition to Best's Motion for Leave to File Late Exhibit. Pursuant to the Court's authority under Rule 56(e)(1), the Court **GRANTS** the Motion for Leave to File Late Exhibit because the missing affidavit supports the facts alleged in Best's Response Brief, and the Response Brief provided citations to the affidavit, which was inadvertently omitted. It is in the interest of justice to allow Best to belatedly file his designated evidence. Therefore, Best's Amended Designation of Evidence ([Filing No. 97-1](Filing No. 97-1)) and Best's Affidavit ([Filing No. 97-2](Filing No. 97-2)) are **deemed filed** and will be considered when the Court decides the State Defendants' Motion for Partial Summary Judgment.

**B.** **State Defendants' Motion to Strike Plaintiff's Surreply**

The State Defendants ask the Court to strike Best's Surreply in Opposition to Motion for Partial Summary Judgment, asserting that the Surreply is beyond the scope and purpose of a permissible surreply.

On August 22, 2017, the State Defendants filed their Motion for Partial Summary Judgment. On October 20, 2017, Best filed his Response Brief to the Motion for Partial Summary Judgment. On October 30, 2017, the State Defendants filed their Reply Brief in support of their motion and did not submit any new evidence. Without leave of the Court, Best filed his Surreply

on November 6, 2017, and attached two new exhibits (Filing No. 98). The State Defendants promptly moved to strike the Surreply the following week.

In their Motion to Strike, the State Defendants assert that Best uses his Surreply to advance new, additional arguments as well as reiterate arguments from his Response Brief. The State Defendants point out that Local Rule 56-1(d) allows a surreply only when "the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." They argue that Best has not alleged and they did not cite any new evidence or object to the admissibility of Best's evidence cited in his Response Brief. Thus, a surreply is not permitted in this case, and Best's Surreply and evidence should be stricken.

Best responds,

2. Defendant states that Plaintiff's surreply makes additional argument without citing any new evidence.

3. Plaintiff responded to a new allegation of Defendants regarding Defendant Hurt that were not addressed nor raised in the Defendants' Motion for Partial Summary Judgment.

4. Plaintiff actually submitted new evidence regarding the State Defendants' classification appeal argument. [Dkt. 98-1 Paula Dickson Dep Excerpts and 98-2 Dickinson Dep. Exhibit 5]

5. Plaintiff's additional evidence addresses new theories of relief submitted by the State Defendants that were not contained in the State Defendants' Motion for Partial Summary Judgment.

6. Finally, the State Defendants have articulated no prejudice in the Court's consideration of all the arguments in the surreply.

(Filing No. 100 at 1–2.)

The Court first notes that the "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's,*

*Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). As pointed out by the State Defendants, Local Rule 56-1(d) allows a summary judgment surreply only in limited circumstances—if the movant (in this case the State Defendants) cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. Where a surreply is permitted, it must be limited to the new evidence or objections.

In this case, the State Defendants did not object to any of Best's Response Brief evidence, and they did not present new evidence or arguments with their Reply Brief. Best argues that new arguments were raised concerning Defendant Hurt, but such is not the case. The opening brief presented the State Defendants' argument that Best failed to exhaust his administrative remedies before bringing claims against Defendant Hurt. Best then responded, asserting that he properly exhausted his administrative remedies before bringing his claims. The State Defendants then replied to Best's response. Because the limited circumstances for allowing a surreply brief are not present here, the Court determines that Best's Surreply Brief and evidence should be **stricken**.

Additionally, it appears that Best misunderstood the application of Local Rule 56-1 regarding the presentation of new evidence. He explains that he "actually submitted new evidence regarding the State Defendants' classification appeal argument." (Filing No. 100 at 1.) However, Local Rule 56-1 permits a surreply when the moving party (here, the State Defendants) submits new evidence with its reply brief, not when the non-moving party wants to submit new evidence with a surreply brief. For the foregoing reasons, the Court **grants** the State Defendants' Motion to Strike Plaintiff's Surreply.

## CONCLUSION

The Court **GRANTS** Best's Motion for Leave to File Late Exhibit (Filing No. 97). Best's Amended Designation of Evidence (Filing No. 97-1) and Best's Affidavit (Filing No. 97-2) are

4

**deemed filed**. Furthermore, the Court **GRANTS** the State Defendants' Motion to Strike Plaintiff's Surreply in Opposition to Motion for Partial Summary Judgment ([Filing No. 99](Filing No. 99)). Best's Surreply and evidence ([Filing No. 98](Filing No. 98); [Filing No. 98-1](Filing No. 98-1); [Filing No. 98-2](Filing No. 98-2)) are **stricken** from the record.

**SO ORDERED.**

Date: 4/16/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bessie M. Davis
LAW OFFICE OF BESSIE M. DAVIS, LLC
legal2615@yahoo.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL, PC
jeb@bleekedilloncrandall.com

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Jennifer Elizabeth Lemmon
INDIANA ATTORNEY GENERAL
jennifer.lemmon@atg.in.gov

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov