UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY BEST, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.:  1:16-cv-02549-TWP-MJD |
| | ) |
| CORIZON HEALTH, INC., | ) Judge Tanya Walton Pratt |
| PAUL A. TALBOT, M.D., | ) |
| DUSHAN ZATECKY, JOHN HURT, | ) Magistrate Judge Mark J. Dinsmore |
| JOHN SAFFORD, OFFICER | ) |
| DUNCAN, KING, STATE OF INDIANA, | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, OFFICER PETERSON, | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY

The Parties, by counsel and pursuant to the Court's Order of May 10, 2018, offer the following Joint Report on the Status of Discovery:

**1.  A detailed description of all discovery completed within the preceding 28 days.**

Plaintiff

- Requests for Admission to State Defendants, to be served June 18, 2018.

- Requests for Admission to Medical Defendant, to be served June 18, 2018.

- Request for Production of Documents to Talbot, to be served June 19, 2018.

Defendants

- State Defendants have supplemented a number of their discovery responses pursuant to the Court's Order on May 23, 2018 (Dkt. 128.)  Specifically, Defendants have served:

- - o Performance evaluations and disciplinary reports, supplementing their response to Plaintiff's First Request for Production, at Request No. 24;
  - o Supplemental written responses to Plaintiff's Third Request for Production, at Request Nos. 6, 7, and 9;
  - o Supplemental written responses and documents to Plaintiff's Fourth Request for Production, at Request Nos. 13 and 17; and a
  - o Detailed supplemental response to Interrogatory No. 5.
- Medical Defendants Corizon and Dr. Talbot resolved all of their prior discovery disputes with Plaintiff at the discovery conference held May 23, 2018. As such, they have not conducted additional discovery within the past 28 days, but have cooperated with the parties as described below.

2. **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

- The parties are scheduled to meet at the Miami Correctional Facility on June 25, 2018, to meet in person and review the original copies of Plaintiff's medical records.
- Plaintiff has filed a motion to depose Corizon employee Aleycia McCullough, which is still pending before the court. In the event the Motion is granted, the parties will schedule the deposition accordingly.
- Plaintiff requests on the date of this filing that all defendants supplement discovery to provide a log of all documents responsive to Requests for Production of Documents but

were withheld due to objections. Jonathan Nagy would be responsible for completing such discovery for the State Defendants and Jeb Crandall and Drew Farrington would be responsible for completing such discovery for the Medical Defendants. Plaintiff requests this supplement is due in 28 days.

- o Defendants will review their responses to Plaintiff's Requests for Production again in good faith, but object to any further supplementation of discovery to the extent Plaintiff is asking for more than required under the Federal Rules of Civil Procedure.

**3.    A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

<u>Disputes between Plaintiff and State Defendants</u>

- Requests for Production
    - o Plaintiff does not consider discovery in Plaintiff's 1st RFP, Request No. 24 as completed as there were no logs of documents responsive to the Requests for Production of Documents that were withheld due to objections.
    - o As noted above, Plaintiff requests on the date of this filing that all defendants supplement discovery to provide a log of all documents responsive to Requests for Production of Documents that were withheld due to objections. Jonathan Nagy would be responsible for completing such discovery for the State Defendants and Jeb Crandall and Drew

>    Farrington would be responsible for completing such discovery for the Medical Defendants.
>
>    - Defendants will review their responses to Plaintiff's Requests for Production again in good faith, but object to any further supplementation of discovery to the extent Plaintiff is asking for more than required under the Federal Rules of Civil Procedure.

- Interrogatory No. 5.
    - Plaintiff's Statement:
        - Interrogatory No. 5. Requested information about the facts supporting the State's affirmative defenses.
        - Defendants provided a narrative statement. Plaintiff has requested the Defendants specify facts related to each separate affirmative defense and requested in the Interrogatory.
    - State Defendants' Statement:
        - In Interrogatory No. 5, Plaintiff requested facts and names of witnesses in support of eleven of the State Defendants' affirmative defenses. As noted above, on June 6, 2018, State Defendants provided a detailed supplemental response to this interrogatory. On June 12, 2018, Plaintiff sent a letter to State Defendants, noting, "I see that you responded in the narrative form to Interrogatory No. 5. Please provide answers to the respective request as I do not know from your response what fact are related to the specific affirmative defenses." State Defendants maintain the identification of facts in

support of specific affirmative defenses requires the revelation of the material impressions, conclusions, opinions and legal theories of State Defendants' counsel, which are work product and not subject to disclosure. Moreover, many of the facts and witnesses named in Defendants' supplemental response overlap and support multiple affirmative defenses. The testimony at trial will not be broken down into categories of affirmative defenses and the jury will be permitted to consider all of these facts and witnesses when it considers the jury instructions and verdict form. Nevertheless, State Defendants, by counsel Jonathan Nagy and David Dickmeyer, will confer with Plaintiff's counsel in an effort to reach a resolution to this issue.

Dispute between Plaintiff and Medical Defendants:

- Plaintiff seeks to depose Corizon employee Aleycia McCullough, but requires leave from the Court to do so as Plaintiff has exceeded 10 depositions.  In the event the Court grants Plaintiff's Motion to Depose, the parties will work confer to find a suitable date for Ms. McCullough's deposition prior to the close of discovery.

**4.     A detailed description of all discovery that is planned to be completed within the 28 day period following the report, including the identity of the counsel responsible for completing such discovery.**

- The parties are scheduled to meet at the Miami Correctional Facility on June 25, 2018, at 10:00 AM to meet in person and review the original copies of Plaintiff's medical records.

- o All parties responsible for attending.
- In the event Plaintiff is granted leave to depose Aleycia McCullough, the parties will confer to schedule that deposition prior to the close of discovery.
    - o Bessie Davis is primarily responsible for this deposition, while Defendants will work with her to schedule in a timely manner.
- Plaintiff requests all defendants supplement discovery to provide a log of all documents responsive to Requests for Production of Documents but were withheld due to objections.
    - o Jonathan Nagy would be responsible for completing such discovery for the State Defendants and Jeb Crandall and Drew Farrington would be responsible for completing such discovery for the Medical Defendants.
    - o Defendants will review their responses to Plaintiff's Requests for Production again in good faith, but object to any further supplementation of discovery to the extend Plaintiff is asking for more than required under the Federal Rules of Civil Procedure.

5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

- Other than serving discovery requests and deposing any expert witnesses Plaintiff may designate in the future, none by Defendants.
- Plaintiff requests all defendants supplement discovery to provide a log of all documents responsive to Requests for Production of Documents but were withheld due to objections. Plaintiff proposes the same be provided in 28 days.

- o Jonathan Nagy would be responsible for completing such discovery for the State Defendants and Jeb Crandall and Drew Farrington would be responsible for completing such discovery for the Medical Defendants.

- o Defendants will review their responses to Plaintiff's Requests for Production again in good faith, but object to any further supplementation of discovery to the extend Plaintiff is asking for more than required under the Federal Rules of Civil Procedure.

- Plaintiff may depose expert witnesses designated by the Defendants.

   - o Bessie Davis is responsible for completing this discovery.

- Deposition of Aleycia McCullough. Plaintiff's Motion to Depose is currently pending before the Court and will be scheduled in the next 28 days in the event it is granted by the Court.

   - o Bessie Davis is primarily responsible for completing this discovery.

- Review of Mr. Best's medical file at the Miami Correctional Facility. The Parties are scheduled to review Mr. Best's medical file on June 25, 2018.

   - o David Dickmeyer, Drew Farrington, and Bessie Davis are responsible for completing this discovery.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

- None at this time.

Respectfully submitted,

/s/ Christopher A. Farrington
Christopher A. Farrington, (#34006-49)
Jeb A. Crandall, (#26323-49)

Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365
(317) 567-2222
Fax:  (317) 567-2220
jeb@bleekedilloncrandall.com
drew@bleekedilloncrandall.com
*Attorneys for Corizon Health, Inc., and Paul A. Talbot, M.D.*


/s/Bessie M. Davis (with permission)
Bessie M Davis
Law Office of Bessie M. Davis, LLC
26 East 15th Avenue
Gary, IN 46407
219-883-2082
Fax: 219-883-0929
Email: legal2615@yahoo.com
*Plaintiff's counsel*

/s/David C. Dickmeyer (with permission)
David C. Dickmeyer (#31947-49)
Office of IN Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 243-2265
Fax: (317) 232-7979
david.dickmeyer@atg.in.gov
*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Bessie M Davis
Law Office of Bessie M. Davis, LLC
26 East 15th Avenue
Gary, IN 46407
219-883-2082
Fax: 219-883-0929
Email: legal2615@yahoo.com
*Plaintiff's counsel*

Jonathan P. Nagy
David C. Dickmeyer
Office of IN Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6291
Fax: (317) 232-7979
jonathan.nagy@atg.in.gov
david.dickmeyer@atg.in.gov
*Counsel for Defendants, State of Indiana, IDOC,*
*Dushan Zatecky, John Safford, Jeffrey*
*King, Blaine Hurt, Walter Personson and Herbert Duncan*

/s/ Christopher A. Farrington