UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY BEST, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF INDIANA, INDIANA DEPARTMENT OF CORRECTION, DUSHAN ZATECKY, JOHN SAFFORD, JEFFERY KING, BLAINE HURT, WALTER PETERSON, and HERBERT DUNCAN, <br><br> Defendants. | Case No. 1:16-cv-02549-TWP-MJD |

**ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF DUSHAN ZATECKY AND INDIANA DEPARTMENT OF CORRECTIONS AND MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff Larry Best, Jr.'s ("Best") Motion to Reconsider Dismissal of Dushan Zatecky and Indiana Department of Corrections and Motion to Amend Complaint (Filing No. 117). Best filed this lawsuit for violations of his Eighth, Ninth, and Fourteenth Amendment rights against Defendants the State of Indiana, Indiana Department of Correction ("IDOC"), Superintendent Dushan Zatecky ("Zatecky"), and IDOC staff John Safford, Jeffery King, Blaine Hurt, Walter Peterson, and Herbert Duncan (collectively, "State Defendants"), as well as Corizon Health, Inc. ("Corizon"), and Paul A. Talbot, M.D. ("Dr. Talbot"). He asserted claims for a failure to protect him and for having a deliberate indifference toward his health and safety. The State Defendants filed a motion to dismiss, which the Court granted in part and denied in part on September 14, 2017 (Filing No. 90). Best now asks the Court to reconsider the dismissal of Defendants Zatecky and IDOC and requests leave to amend his Complaint. For the following reasons, the Court **grants in part and denies in part** Best's Motion.

## I. LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." After a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The rule, however, "do[es] not mandate that leave be granted in every case. In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith, or dilatory motive, or undue prejudice, or futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (internal citation and punctuation omitted). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

## II. DISCUSSION

The Court provides only a brief background of this case to begin its discussion. On September 26, 2016, Best filed this action asserting claims under 42 U.S.C. § 1983 and state tort law against the State Defendants, Corizon, and Dr. Talbot ([Filing No. 1](#)). After spending several years in administrative segregation at the Pendleton Correctional Facility, Best was moved back into the general population at the prison, and one month later, he was brutally attacked and seriously injured by fellow inmates. He alleges the Defendants failed to protect him and were deliberately indifferent toward his health and safety.

Best was an inmate at the Pendleton Correctional Facility ("Pendleton") when the events giving rise to this lawsuit occurred. Because Best refused to join their prison gang, members of the Brotherhood of the Aryan Nation ("Aryan Brotherhood") physically beat Best and threatened

further violence. Because of the threats, Best was placed in segregated housing for his safety from December 2011 to July 24, 2015. On July 6, 2015, Defendant King, a caseworker with IDOC, informed Best that he would be returned to the general population at Pendleton.

Despite Best's objections that he still feared for his life because members of the Aryan Brotherhood were still at Pendleton, the State Defendants moved him back to the general prison population. Less than a month later, on August 7, 2015, Best was attacked by members of the Aryan Brotherhood as he left the infirmary in a walkway known as "death alley," an area known for inmate-on-inmate violence. Pendleton was understaffed, and inmate movement was not well supervised. There were large river rocks in front of the prison cell houses. Inmates used them as weapons in the attack against Best. Best was badly beaten and sustained deep head lacerations, bruises, and cuts on his back, shoulders, arms, right hand, and wrist. Best's medical treatment following the attack was poor.

Best filed the instant Section 1983 action, alleging that his Eighth, Ninth, and Fourteenth Amendment rights were violated because the Defendants failed to protect him, had a deliberate indifference and reckless disregard toward his health and safety, provided inadequate medical care, and deprived him of the opportunity to serve his prison sentence without constant fear of threats and violence.

The State Defendants filed a Partial Motion to Dismiss, asserting various immunity and other arguments. The Motion to Dismiss was granted in part and denied in part. Count I was dismissed as to the State of Indiana and IDOC because they are not considered persons under Section 1983, and it was dismissed as to Zatecky because the allegations in the Complaint asserted liability based solely on his supervisory authority, which is insufficient for a Section 1983 claim (Filing No. 90 at 6–9). Count II brought against Zatecky and IDOC was dismissed because Best

had not sufficiently pled facts to support an Eighth Amendment claim. Specifically, the allegations fell short by not providing a minimal factual basis regarding IDOC's and Zatecky's knowledge of and involvement with Best's circumstances. Rather, the allegations consisted of a generalized concern about prison safety, overcrowding, and understaffing. *Id.* at 9–12. Count III—state law tort claims brought against Zatecky, Peterson, Duncan, Safford, and Hurt—was dismissed on the basis of immunity under the Indiana Tort Claims Act. *Id.* at 12–14. Lastly, Count IV was dismissed as to Zatecky and IDOC for various reasons, including that the allegations in the Complaint did not provide a sufficient factual basis to assert a constitutional claim for inadequate medical care against Zatecky in his individual capacity. *Id.* at 14–17.

Following the Court's Order on the Motion to Dismiss, the claims remaining were Count I (a Section 1983 claim) against Safford, Peterson, Duncan, Hurt, and King, and Count IV (a claim for inadequate medical care) against Corizon and Dr. Talbot.[1] The State of Indiana, IDOC, and Zatecky were terminated as Defendants. *Id.* at 17.

On September 20, 2017, the Magistrate Judge stayed this case with the exception of discovery into and resolution of the State Defendants' Motion for Summary Judgment on the affirmative defense of failure to exhaust administrative remedies. After an eight month stay (from September 2017 through April 2018, *see* Filing No. 92; Filing No. 107), Best filed his pending Motion to Reconsider and Motion to Amend Complaint on May 17, 2018 (Filing No. 117). He specifically asks the Court to "[r]econsider its dismissal with prejudice of Count I as to Dushan Zatecky and Count II as to Zatecky and the Indiana Department of Corrections and the termination of this cause against said Defendants . . . and for leave of Court to file [an] amended complaint." *Id.* at 1. He asserts that reconsideration and leave to amend the Complaint are warranted because

---

[1] Best, Corizon, and Dr. Talbot have since resolved their dispute and filed a Stipulation of Dismissal with Prejudice, resulting in Corizon and Dr. Talbot being dismissed as Defendants from this action (Filing No. 140; Filing No. 141).

the Court's Order on the Motion to Dismiss "relies on assumptions that conflict with facts learned by Plaintiff since the filing of the original complaint." *Id.* at 2.

As a general rule, amendment of dismissed claims should be liberally permitted. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Ordinarily, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). "[L]eave to amend may be denied based on futility, undue delay, undue prejudice, or bad faith." *Id.* at 520.

Best argues that he sought amendment at his first opportunity after the Court ruled on the motion to dismiss and after the stay was lifted, so there was no undue delay, and the Defendants are not unduly prejudiced by the amendment. He argues that facts learned after the filing of the original Complaint resolve the Court's concerns regarding the deficiencies in the original Complaint—that Section 1983 liability cannot be based on supervisory authority, and there was not a minimal factual basis to support the allegations regarding IDOC's and Zatecky's knowledge of and involvement with Best's circumstances.

In particular, this case was filed on September 26, 2016 and the State Defendants filed their Motion to Dismiss two months later on November 28, 2016 (Filing No. 21). They filed their Answer on December 14, 2016 (Filing No. 25). Best filed his Response to the Motion to Dismiss on January 4, 2017 (Filing No. 27). Discovery was only getting started at that point. Best asks the Court to reconsider its dismissal Order and allow amendment of the Complaint so that the Court can consider allegations based on evidence that was unavailable to him through the exercise of reasonable diligence at the time of filing the Complaint and the response to the motion to dismiss.

In responding to Best's Motion, the State Defendants do not argue (or even mention) undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment—the standards the Court considers for allowing leave to amend the Complaint. Instead, the State Defendants simply argue that motions to reconsider call for extraordinary relief, and the "newly discovered evidence" now presented by Best is not newly discovered and has been known by Best before the Court entered its Order on the Motion to Dismiss. They assert that Best likely discovered the information he refers to as "newly discovered" before the Court entered its Order on the motion to dismiss on September 14, 2017. Best deposed each of the named State Defendants between May 23 and July 31, 2017, he served interrogatories on the State Defendants on June 29, 2017, and he sent four sets of requests for production of documents to the State Defendants between December 2, 2016, and August 22, 2017 ([Filing No. 129 at 5](#)). They argue that Best should have raised this evidence before the Court entered its Order and reconsideration and amendment of the Complaint is not warranted.

Inportantly, this case was stayed six days after the dismissal Order was issued, and once the stay was lifted, Best filed his Motion to Reconsider and Motion to Amend Complaint within three weeks. Best did not unduly delay his request to amend the Complaint or to seek the Court's reconsideration of the dismissal Order.

While the State Defendants are correct that much of the discovery would have occurred before the Court issued its dismissal Order, Best is correct that almost none of the discovery had occurred before the pleadings had closed and the motion to dismiss had been fully briefed. The new facts alleged in the proposed amended complaint were not included in the pleadings or in the briefing on the motion to dismiss. These facts were not before the Court and were not considered by the Court when determining the propriety of dismissing Best's claims.

7

A review of Best's proposed amended complaint (Filing No. 117-1) reveals that this case is one where reconsideration is appropriate because there has been "a controlling or significant change in the . . . facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. This is coupled with the principle that the "court should freely give leave when justice so requires," Fed. R. Civ. Pro. 15(a)(2), and ordinarily, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion*, 786 F.3d at 519.

The new allegations that were not previously before the Court include:

> While Best was in restrictive housing, Zatecky received a letter from Best on December 13, 2013 advising him of threats to Best's life. The letter also indicated that Best had information related to officers and inmate trafficking in contraband. Zatecky made no investigation of the threats to Best's life after receiving notification of the same.

(Filing No. 117-1 at 3).

> Defendant Zatecky was notified of the death threats by letter sent to him in December 2013. Defendant Zatecky and Indiana Department of Correction were aware of the January 2015 incident where hot liquid with glass shards was thrown at Plaintiff as the incident would have been one reported in the Monday, Wednesday and Friday weekly meetings held by Zatecky to assess and monitor incidents at PCF.

*Id.* at 4.

"Zatecky was responsible for the review of the classification changes of inmates but disregarded the numerous assaults on Plaintiff and a written recommendation from Safford that Plaintiff be placed in administrative segregation in deliberate disregard for his safety and allowed Best to be returned to general population." *Id.*

> There was inadequate supervision of the inmates at and around the walkway to the entrance of the infirmary where inmates received their daily medication. Several requests for cameras to be placed in the area where Plaintiff was assaulted had been denied by Zatecky and IDOC prior to the assault on Best.

*Id.* at 5.

"Inmate-on-inmate assaults were known to occur in the area of the assault on Best, and most recently such attack took place ten (10) days prior to the assault on Best, i.e. July 28, 2015." *Id.*

"IDOC Policy 02-03-114 requires the reporting of a serious incident including battery of an offender on another offender to the facility head or designee. The policy requires incident management meetings between the Facility Head, Assistant Facility Head/Operations and certain supervisors to review the incidents, safety, security, supervision and control procedures." *Id.*

"Zatecky and administrators of the PCF were aware of the violence at this area as they received reports and met three times each week to review incidents at the facility concerning serious injury." *Id.*

These new allegations directly address the deficiencies in the original Complaint that the Court relied upon when it granted the State Defendants' request to dismiss Best's claims. These new allegations speak to Zatecky's potential Section 1983 liability beyond just exercising supervisory authority. They provide a factual basis to support the allegations regarding IDOC's and Zatecky's knowledge of and involvement with Best's circumstances. Therefore, these new allegations are not futile, and they can support Best's claims at the dismissal stage of the litigation. Additionally, these new allegations provide a controlling and significant change in the facts since the submission of the issue to the Court, thereby supporting reconsideration.

### III. CONCLUSION

For the reasons stated above, Best's Motion to Reconsider Dismissal of Dushan Zatecky and Indiana Department of Corrections and Motion to Amend Complaint is **GRANTED in part and DENIED in part** ([Filing No. 117](Filing No. 117)). The Motion is **granted** to the extent that it seeks to replead

Count I against Zatecky (and the other individual defendants) and Count II against Zatecky and IDOC. However, the Motion is **denied** to the extent that the proposed amended complaint seeks to assert Count I against IDOC and the State of Indiana and Count III (Count IV in the original Complaint) for inadequate medical care. Best is **ORDERED** to file a corrected Amended Complaint asserting Counts I and II within **seven (7) days** of the date of this Entry.

**SO ORDERED.**

Date: 2/21/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bessie M Davis
LAW OFFICE OF BESSIE M. DAVIS, LLC
legal2615@yahoo.com

David C. Dickmeyer
OFFICE OF THE INDIANA ATTORNEY GENERAL
david.dickmeyer@atg.in.gov

Benjamin Myron Lane Jones
OFFICE OF THE INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Jonathan Paul Nagy
OFFICE OF THE INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov