**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LARRY BEST, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02549-TWP-MJD |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, DUSHAN ZATECKY, | ) | |
| JOHN SAFFORD, JEFFERY KING, | ) | |
| and HERBERT DUNCAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTIONS IN *LIMINE***

This matter is before the Court on Motions in *Limine* filed by Plaintiff Larry Best, Jr. ("Best") (Filing No. 184) and Defendants the Indiana Department of Correction ("IDOC"), Dushan Zatecky, John Safford, Jeffery King, and Herbert Duncan (collectively, "Defendants") (Filing No. 167). After spending more than three and a half years in administrative segregation at the Pendleton Correctional Facility, Best was moved back into the general population at the prison, and two weeks later, he was attacked and seriously injured by fellow inmates. Best initiated this lawsuit against the Defendants as well as other prison officials and medical staff for violating his Eighth, Ninth, and Fourteenth Amendment rights by failing to protect him and having a deliberate indifference toward his health and safety. Following motions to dismiss and motions for summary judgment, this case is now set for a jury trial on Best's constitutional claims against the Defendants for deliberate indifference and failure to protect. For the following reasons, Best's Motion in *Limine* is **granted in part and denied in part**, and the Defendants' Motion in *Limine* also is **granted in part and denied in part**.

## I.    LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.    DISCUSSION

Best and the Defendants each filed a Motion in *Limine*, asking the Court to make a pretrial determination regarding the admissibility of particular evidence. The Court will address each Motion in turn.

### A.    Best's Motion in *Limine*

Best asks the Court to exclude any of his prior convictions and his criminal record pursuant to Federal Rule of Evidence 609. He asserts that his prior convictions and criminal history are irrelevant to the issues at trial and have limited or no probative value, and this evidence does not speak to his truthfulness. Convictions of drug possession and dealing, burglary, and resisting law enforcement do not speak to truthfulness or credibility, and such evidence would only unfairly inflame the jury. Best explains that other courts in the Circuit have excluded evidence of prior arrests in § 1983 cases as "grossly unfairly prejudicial in a way that greatly outweighs its minuscule probative value." *Bruce v. City of Chi.*, 2011 U.S. Dist. LEXIS 83421, at *29 (N.D. Ill. July 29,

2011). Best asserts, "Defendants should only be allowed to introduce the fact that Plaintiff was convicted of a felony and is currently serving a sentence in prison for his crime. This Court should exclude evidence of the Plaintiff's underlying crimes." (Filing No. 185 at 2.)

In response, the "Defendants concede plaintiff's motion *in limine* No. 1 as to plaintiff's prior criminal convictions." (Filing No. 193 at 1.) Best's request to exclude evidence as to his prior convictions and his criminal record is well-taken and is **granted**.

Next, Best asks the Court to exclude any evidence, testimony, or argument about his history of illegal drug use. His drug use prior to the prison assault on August 7, 2015, has little probative value and an unduly prejudicial effect. Such evidence is inadmissible character evidence under Rule 404(b), and the evidence is not relevant to the issues for trial. Best asserts that there is no evidence that he was under the influence of any drugs at the time that he was assaulted.

In response, the "Defendants concede plaintiff's motion *in limine* No. 2 as to plaintiff's prior drug use, as defendants do not contend plaintiff was intoxicated or under the influence of drugs at the time of the August 7, 2015 altercation, or that intoxicants played a role in the altercation." (Filing No. 193 at 1.) Best's request to exclude evidence and argument as to his prior drug use is well-taken and is **granted**.

Next, Best asks the Court to exclude any evidence concerning "his rule violation history including a detention, administrative findings, any change in his inmate classification status as a result of any administrative findings and/or adjudication, and any administrative charges or convictions which arose out of incidents preceding August 7, 2015." (Filing No. 185 at 4.) Rule 404(b) provides, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such evidence "may be admissible for another purpose." Best contends that

evidence of rules violations and administrative hearings and findings would be impermissible character evidence, unduly prejudicial, and irrelevant.

The Defendants oppose the motion *in limine*. They argue "the cause and origin of the altercation which occurred on August 7, 2015 is a key issue in this case." ([Filing No. 193 at 2](#).) Best alleges that he needed protection because he refused to join the Aryan Brotherhood prison gang. The Defendants assert that Best's rules violation history shows misconduct that led Best to incur debts to other inmates, and his debts led to his attack. The Defendants argue that Best's debt to other inmates was the ultimate reason for his transfer to another prison. Thus, they argue, Best's rules violation history is relevant to the claims at issue and should be considered by the jury.

At this stage, the Court is unable to determine whether this evidence is clearly not admissible for any purpose. *See Hawthorne*, 831 F. Supp. at 1400. Best has not met the "exacting standard" to exclude this evidence in *limine*. Accordingly, evidentiary rulings concerning Best's rules violation history must be deferred until trial so that questions of relevancy and prejudice may be resolved in context. Therefore, this request is **denied**.

Finally, Best asks the Court to allow him "to be unshackled, dress in civilian clothes and be separated [a] reasonable distance from IDOC staff while in the presence of the jury to minimize any prejudice that the prison attire and guard may cause." ([Filing No. 185 at 4](#).) "Security permitting, Plaintiff should not be hand-cuffed during the course of the trial and any leg shackles removed or obstructed from the view of the jury." *Id.* at 5.

The Defendants respond that Best's earliest possible release date is in May 2028, and with at least another eight years of incarceration, Best has great incentive to flee if the opportunity is presented. The Defendants agree that handcuffs are not necessary during trial, but leg shackles should not be removed and can simply be obstructed from the view of the jury. They also argue

that Best should wear prison clothing to make him easily identifiable if he tries to flee, and the jury will know that he is incarcerated, so there is no prejudice to him wearing prison clothing.[1]

The Court **grants** Best's request concerning handcuffs and clothing and **denies** his request regarding leg shackles. Best may attend trial without handcuffs and be dressed in civilian clothing to minimize any prejudice based on personal appearance. However, for security purposes and at the direction of the U.S. Marshal, Best must remain in leg shackles throughout the course of the trial. Prisoners often appear for jury trials in this courthouse. The courtroom tables will be skirted to conceal the leg shackles and Best will be moved about the courtroom with leg shackles outside the presence of the jury. The Court leaves to the discretion of IDOC officers what constitutes a "reasonable distance of separation" between IDOC staff and Best while the jury is in the courtroom.

## B.     Defendants' Motion in *Limine*

### 1.  Employee disciplinary actions

The Defendants ask the Court to exclude any argument, questions, testimony, or evidence regarding prior workplace discipline of defendants Jeffery King, John Safford, Hubert Duncan, and Dushan Zatecky, or any current or former IDOC employee testifying on behalf of the Defendants. They assert that such evidence would be offered only to show bad character, which is not permissible, and such evidence is not relevant. Best replies that he "does not intend to attempt to introduce evidence concerning workplace disciplinary actions against any of the individual defendants." (Filing No. 197 at 1.) The Court determines that this request is well-taken and is therefore **granted**.

---

[1] For security purposes and at the direction of the U.S. Marshal, Best's counsel is directed to deliver clothing for Best to wear during trial to the Marshal's Office in the Birch Bayh Federal Building and U.S. Courthouse in Indianapolis by no later than **12:00 p.m. on Friday, August 23, 2019**.

## 2. **Dismissed and denied claims in this lawsuit**

The Defendants ask the Court to exclude any argument or evidence about Best's claims that have been dismissed or denied in this action. They point out that the case was initially brought against nine defendants with numerous claims, including a claim of systemic understaffing of the prison. Most of Best's claims have been settled, dismissed, or denied. Testimony or evidence about dismissed or denied claims is irrelevant and highly prejudicial and would result in confusion of the issues.

Best responds that he does not intend to raise any claims against individuals who are not defendants in this case. However, he asserts, the claims that were dismissed against some individual defendants still remain pending as to other individual defendants, and thus, the evidence related to those claims will be presented. Best also argues, "In addition, there are state law claims of negligence that require testimony or evidence concerning the acts and omissions of the dismissed defendants as employees of the State of Indiana Department of Correction." (Filing No. 197 at 2.) Best does not intend to present testimony and evidence concerning the dismissed defendants' alleged liability. However, he argues that Blaine Hurt and Walter Peterson, now dismissed defendants, have knowledge of the events at issue in this case, and their testimony is relevant and admissible as to the remaining claims.

The introduction of testimony and evidence concerning dismissed, denied, or settled claims would be unduly prejudicial, would confuse the issues before the jury, and would be an unnecessary waste of time and resources. Additionally, the dismissed, denied, and settled claims are not relevant. Therefore, the Court **grants** the Defendants' request to prohibit testimony and evidence about dismissed and denied claims. This is not to say that dismissed defendants cannot offer testimony concerning the factual events underlying this action. Blaine Hurt, Walter Peterson,

and Paul Talbot likely have information concerning matters that pertain to the claims that will be presented to the jury.

The Court notes that there are no state law claims pending in this action, contrary to Best's assertion in his response to the Motion in *Limine*. In the Court's Entry on State Defendants' Motion to Dismiss ([Filing No. 90 at 12](#)–14), Count III of Best's initial Complaint—the sole state law claim—was dismissed based on immunity under the Indiana Tort Claims Act. The Court reiterated that the sole state law claim had been dismissed in its Entry of Plaintiff's Motion to Reconsider Dismissal of Dushan Zatecky and Indiana Department of Corrections and Motion to Amend Complaint ([Filing No. 155 at 5](#)). In that Entry, the Court permitted Best to amend his Complaint to reallege his two constitutional claims in Count I and Count II only. *Id.* at 9–10.

### 3. Other lawsuits involving the Defendants or the State of Indiana

Next, the Defendants ask the Court to exclude any argument or evidence about other lawsuits or claims against the State of Indiana or the Defendants as such information would be inadmissible hearsay, and it is irrelevant. Additionally, it would be unduly prejudicial, confuse the issues, and cause undue delay. Best responds that he does not intend to offer evidence about other lawsuits. The Court determines that this request is well-taken and is therefore **granted**.

### 4. IDOC policies and procedures

The Defendants assert that the Court should exclude any arguments, evidence, or testimony about the IDOC's policies and procedures to suggest that the Defendants violated such policies and procedures. They argue that whether the Defendants violated IDOC's policies and procedures is irrelevant to Best's claim for failure to protect. They assert that such an argument would confuse the issues for the jury and would be unfairly prejudicial.

In response, Best states,

> Plaintiff intends to offer evidence of the IDOC policy and procedure related to regular department head meetings on Monday, Wednesday and Friday to discuss the events, gang activity, any incidents that occurred at the prison, not to prove the violation of such policy but to show the existence of the policy that would have provided IDOC and its agents information about the dangerous condition at the prison. Plaintiff does not intend to use any policy, procedure nor practice showing that his rights were violated.

(Filing No. 197 at 5.)

Best's argument is well-taken, and at this stage, the Court is unable to the conclude that this evidence clearly is not admissible for any purpose. *See Hawthorne*, 831 F. Supp. at 1400. An evidentiary ruling concerning IDOC's policies and procedures must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. Therefore, this request is **denied**.

### 5. Settlement negotiations

The Defendants next ask the Court to exclude any argument or evidence about settlement negotiations. Evidence of offers to compromise or statements made in settlement negotiations is expressly made inadmissible by Rule 408, and thus, the Court should prohibit any reference by any of the parties or witnesses to settlement negotiations which have taken place in connection with this matter. Best responds that he does not intend to offer evidence about settlement negotiations. The Court **grants** this request.

### 6. Indemnification of the Defendants

The Defendants ask the Court to exclude any argument or evidence indicating that the Defendants may be indemnified against any judgment in this case. The Defendants assert that such evidence violates federal law that evidence of indemnification against liability is inadmissible, irrelevant, and highly prejudicial to the issue of liability under Rule 411. Further, indemnification

of state employees is not absolute under Indiana Code § 34-13-4-1, so reference to indemnification of the Defendants could possibly be a misstatement of the law.

Best responds that Indiana Code § 34-13-4-1 provides indemnification to the Defendants so long as they were acting within the scope of their employment, and in this case, it is undisputed that the Defendants were acting within the scope of their employment at all relevant times. Best argues that, when a defendant benefits from a right to indemnification and argues to the jury that they are unable to pay a damages award, the defendant opens the door to evidence of the statutory entitlement to indemnification. *See Bruce*, 2011 U.S. Dist. LEXIS 83421, at *10 ("Evidence of indemnification is inadmissible unless defendants open the door by injecting their personal financial circumstances into the case. Additionally, if Defendants choose to apprise the jury of the fact that the individual officers will have to bear punitive damages out of their own pockets, then fairness would dictate that the jury also be informed of the true situation (indemnification) as to compensatory damage.").

Under Rule 411's general exclusion of indemnification evidence, the Court **grants** the Defendants' request to exclude such evidence. However, if the Defendants open the door with testimony about their inability to pay a damages award or their responsibility to pay punitive damages, then Best will be permitted to introduce evidence concerning indemnification.

7. **Defense lawyers work for the State of Indiana or Attorney General's Office**

Next, the Defendants assert that Best should not be permitted to refer to the Defendants' attorneys as "State lawyers," "the State," or "Deputy Attorneys General," because counsel's employer is irrelevant and might suggest to the jury that the State of Indiana will pay any judgment in the case. Instead, they should be referred to by their names or as "Defense counsel." Best

responds that he and his counsel do not intend to refer to defense counsel in a way that refers to the State of Indiana.

The Indiana Attorney General's representation of the State of Indiana in cases involving the state's interest and that it provides legal defense to state officials or agencies in court is common knowledge. All trial counsel will be introduced by the Court and it is a relevant inquiry to determine whether any member of the jury venire or their family members are presently or in the past have been employed by or represented by the Indiana Attorney General's office or the law firm of Plaintiff's counsel. This standard inquiry is necessary to determine bias and whether a prospective juror can be impartial. The Court finds the probative value of this inquiry outweighs any potential prejudice to Defendants, especially since Plaintiff's counsel does not intend to refer to the state of Indiana. The Court will **grant** a motion in limine as to who will pay any judgment in the case, but otherwise **denies** a motion in *limine* on this issue.

## 8. A "Golden Rule" argument

The Defendants ask the Court to exclude any "golden rule" argument, which asks the jurors to place themselves in the plaintiff's shoes. As the Seventh Circuit has explained, the argument "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (internal citation and quotation marks omitted). In response, Best explains that he does not intend to present the "golden rule" argument. This request is well-taken and is therefore **granted**.

## 9. Evidence of attorney fees

The Defendants argue that evidence about attorney fees and the potential cost of legal expenses should not be presented to the jury because attorney fees are a matter to be determined

by the Court, not the jury. *See* 42 U.S.C. §§ 1997e(d); 1988. Best replies that he does not intend to offer evidence concerning attorney fees. The Court **grants** this request to exclude evidence of attorney fees and costs.

### 10. Reference to medical conditions (other than subjective symptoms)

Next, the Defendants ask the Court to exclude any reference to Best's medical conditions other than his subjective symptoms. They assert that any testimony by Best regarding his subjective symptoms resulting from the assault is permissible because such testimony does not require the knowledge of an expert witness. However, they argue that Best has not disclosed any expert witnesses regarding any medical condition, and any testimony concerning medical conditions that would require medical expertise should be excluded by Rule 702 and Federal Rule of Civil Procedure 26(a)(2).

Best responds that he plans to testify about his pain, symptoms, and medical treatment. He then argues the "Defendant's motion *in limine* is overly broad. To the extent that Defendants seek to bar Plaintiff or other witness from testifying about his medical condition at all, the motion should be denied." (Filing No. 197 at 7.) A lay person's testimony should be allowed if "rationally based on the witness's perception." Rule 701. Thus, Best argues, his witnesses should be allowed to testify about his physical condition before and after the assault based on their perception. Best also asserts that in his final witness list (Filing No. 154; Filing No. 171) he designates Dr. Paul Talbot as the treating physician and an expert witness.

Best's "Final Witness List" at Docket 154 listed Dr. Paul Talbot as an expert witness and the treating physician. However, Best's later-filed "Final Witness List" at Docket 171 lists Dr. Paul Talbot only as the treating physician. Furthermore, Federal Rule of Civil Procedure 26(a)(2) requires additional disclosures for expert witnesses, and Best does not assert that he has complied

with the additional disclosure requirements. Best and his witnesses may testify about matters properly admitted under Rule 701 that are rationally based on the witness's perception. Dr. Talbot may testify regarding his treatment, diagnosis and prognosis (if reached during his treatment of Best). However, the Court **grants** the Defendants' request to exclude any testimony concerning medical conditions that would require medical expertise and opinions such as causation.

**11. Evidence supporting a claim under Indiana tort law**

The Defendants ask the Court to exclude any evidence against the IDOC or any claim arising under Indiana tort law because no such claim is articulated in the Amended Complaint. They argue this evidence is irrelevant, unduly prejudicial, would cause undue delay, and confuse the issues. In response, Best argues that the parties have continued to litigate state law claims throughout the life of this case by noting state law claims in various filings. He also points to various allegations in his Amended Complaint to argue that state law claims still persist in this litigation.

The Court has previously addressed the issue of state law claims in Subsection 2 above when discussing the dismissed and denied claims. The allegations Best points to in his Amended Complaint support only his constitutional claims that remain pending. The Court **grants** the Defendants' request to exclude reference to specific state law claims; however, Best is permitted to present evidence concerning the factual underpinnings of his case.

**12. Evidence supporting an Eighth Amendment "deliberate indifference" claim against the IDOC**

Finally, the Defendants ask the Court to exclude any evidence or argument regarding a claim against IDOC arising under the Eighth Amendment because IDOC is not a "person" subject to being sued under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989). They argue that such evidence is irrelevant, would be unduly prejudicial, cause undue delay, and confuse the issues.

Best responds that he does not intend to offer evidence concerning a deliberate indifference claim against IDOC, but the Court allowed him to amend his Complaint to reallege Count II against IDOC, and he points back to his argument regarding state law claims against IDOC under Subsection 11.

The United States Supreme Court has held that states, state agencies, and state officials sued in their official capacity for damages are not "persons" under Section 1983. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. In light of the Supreme Court precedent and Best's acknowledgement that he is not advancing a deliberate indifference claim against IDOC, the Court **grants** the Defendants' request to exclude reference to a deliberate indifference claim against IDOC; however, Best is permitted to present evidence concerning the factual underpinnings of his claims.

### III.    CONCLUSION

For the foregoing reasons, the Court **grants in part and denies in part** Best's Motion in *Limine* (Filing No. 184) and the Defendants' Motion in *Limine* (Filing No. 167). An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:    8/1/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bessie M. Davis
LAW OFFICE OF BESSIE M. DAVIS, LLC
legal2615@yahoo.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov